MERLIN WAYNE DYBALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dyball v. Commissioner
Docket No. 18896-90
United States Tax Court
T.C. Memo 1994-76; 1994 Tax Ct. Memo LEXIS 77; 67 T.C.M. (CCH) 2243; February 24, 1994, Filed *77 Decision will be entered under Rule 155. Merlin Wayne Dyball, pro se. For respondent, Jonathan J. Ono. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In statutory notices sent May 25, 1990, respondent determined deficiencies of $ 15,167, $ 15,195, and $ 20,463 in petitioner's Federal income taxes for 1985, 1986, and 1987, respectively. Respondent also determined that petitioner is liable for additions to tax under section 6651(a) for failure to file timely returns, under section 6653(a) for negligence, and under section 6654(a) for failure to pay estimated taxes. After concessions, the issues are whether petitioner is entitled to refund or credit of taxes overpaid by withholding during the years in issue, whether petitioner is entitled to various deductions beyond those now allowed by respondent, and whether petitioner is liable for the additions to tax. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings *78 by this reference. Petitioner resided in Foster City, California, at the time he filed the petition. During the years in issue, petitioner was married to Maria Ho Dyball. Prior to and during the years in issue, petitioner was employed by the City of San Jose Fire Department. Petitioner's then wife was employed by the U.S. Postal Service and engaged in various retail and real estate sales activities. Petitioner also taught a flight training course and engaged in real estate and shipping container activities. Petitioner and his wife owned rental properties, some of which were sold during the years in issue. During the course of his duties as a fire captain in San Jose, petitioner was responsible for disciplining another fire department employee. Thereafter, the employee harassed petitioner and petitioner's family. As a result, petitioner and his family made various moves of their residence. They moved to Hawaii in the fall of 1987. During the years in issue, Federal income taxes were withheld from wages paid to petitioner and his wife by their employers. Neither petitioner nor his wife filed timely Federal income tax returns for 1985, 1986, or 1987. Petitioner failed to *79 maintain books and records adequate to determine the correct amount of his tax liability. No claim for refund of taxes paid by withholding during 1985, 1986, or 1987 was filed by petitioner prior to April 25, 1990. OPINION The parties entered into an extensive stipulation in which respondent conceded that petitioner was entitled to various deductions for the years in issue. Respondent has also conceded that petitioner is entitled to joint return treatment and that taxes withheld from the wages of petitioner and his former wife exceeded the amount of taxes due for 1987. Respondent, however, contends that petitioner failed to make timely claim for refund or credit of the overpayment and failed to substantiate his entitlement to any additional deductions. Petitioner has the burden of proof with respect to all of the remaining issues. Rule 142(a); , affg. . Petitioner contends that he and his spouse mailed their tax returns for 1985, 1986, and 1987 in April 1988 and mailed additional copies of the returns for each year by certified mail in 1989. Although *80 in support of this claim he presented a return receipt for a mailing in 1989 to the Internal Revenue Service (IRS), the postage that was indicated on the receipt, 25 cents, was insufficient for an envelope containing copies of the returns for the years in issue. Petitioner had no explanation for this discrepancy, stating only that he was relying on a notation made on the document by his former wife. Respondent presented evidence that petitioner's return for 1985 was first received on April 25, 1990, and that petitioner's returns or copies of returns for 1986 and 1987 were first received by the IRS on December 28, 1990, after the notices of deficiency were sent. From the evidence, we cannot conclude that petitioner's returns were filed in time to secure a credit or refund of the excess withholding taxes that were paid during the years in issue. Withheld taxes are deemed paid on April 15 of the year following the year in which they were withheld. Sec. 6513(b)(1). Petitioner's 1985 return was filed more than 3 years after the withholding for that year was deemed paid. The returns for 1986 and 1987 were filed after the statutory notice of deficiency was sent. Although claims are *81 deemed made for those years as of the date of that notice, a 2-year limitations period applies to bar refunds for 1986 and 1987. Secs. 6511(a) and 6512(b); . Petitioner is not entitled to refund or credit of the overpayment that was conceded by respondent to exist for 1987 or any other overpayment that might have existed for 1985 or 1986. During trial and after the filing of the stipulation containing various concessions by respondent, petitioner testified and presented documents that allegedly supported additional deductions relating to his various activities, including meal expenses incurred as a fire department employee, moving expenses claimed in 1987, and travel and entertainment expense deductions. Because it was unclear from the record which of the expenses had been allowed by respondent in the stipulation, which of them were properly allocated to nondeductible personal expenses under section 262, and which of them, if any, were deductible, the parties were directed to file briefs. Petitioner failed to file a posttrial brief, and we could conclude that he had abandoned these items. See . *82 It is petitioner's burden, not the Court's, to clarify the record that was made more difficult by his inadequate records and untimely compliance with the tax laws. See , affd. without published opinion . In any event, petitioner's testimony about the deductions remaining in dispute was vague. Much of his testimony relied on hearsay statements of his former wife about items of which he had no personal knowledge. During trial, petitioner conceded that such items would not be allowed by the Court. We conclude that petitioner has not satisfied his burden of proving that he is entitled to deductions beyond those allowed by respondent. Although he relies on , affd. , petitioner has presented only belated reconstructed estimates of his claimed contributions to the firehouse mess and no corroboration that they meet the criteria for deductibility. Similarly, he has not satisfied the requirements of section 217(c) with respect *83 to moving expenses or the requirements of section 274(d) with respect to substantiation of travel and entertainment expenses. On this record, no deductions beyond those set forth in the stipulation by respondent may be allowed. Petitioner contends that his failure to file timely returns or to keep adequate records is attributable to a "constant state of confusion" resulting from frequent moves before and during the years in issue. We are not persuaded that these moves prevented petitioner's compliance with the tax laws or constituted reasonable cause for failure to file his returns. In view of the various income-producing activities conducted by petitioner and his then wife, adequate records of various expenses and their relationship to particular activities were essential. Petitioner is liable for the additions to tax for failure to file and for negligence. The additions to tax for failure to pay estimated taxes under section 6654 may be inapplicable after recomputation of petitioner's liability, giving effect to the stipulation. Otherwise they must be sustained. See . To give effect to respondent's *84 concessions, Decision will be entered under Rule 155.